[No. B031374. Second Dist., Div. Three. Oct. 3, 1988.]

NASSER F. ABARI, Plaintiff and Appellant, v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant
and Respondent.

**COUNSEL**

Patrick E. Catalano and Thomas F. Maxwell, Jr., for Plaintiff and Appellant.

Knapp, Petersen & Clarke, Barry Bartholomew, Kathryn A. Albarian and Robert B. Marquez for Defendant and Respondent.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant Nasser F. Abari (Abari) appeals an order of dismissal following the sustaining of a demurrer to his second amended complaint against defendant and respondent State Farm Fire and Casualty Company (State Farm).

Because Abari failed to file suit within one year of discovering the loss, the order is affirmed.

### FACTUAL & PROCEDURAL BACKGROUND

On January 23, 1985, Abari filed his initial complaint against State Farm and others, alleging various causes of action. The trial court sustained State Farm's demurrer with leave to amend. A first amended complaint followed.

State Farm's demurrer to that pleading was likewise sustained with leave to amend.

On June 19, 1987, Abari filed a second amended complaint, which is the operative pleading here. The complaint contained causes of action for breach of contract, bad faith, breach of fiduciary duty, intentional and negligent misrepresentation, constructive fraud, negligence, conspiracy, and tortious interference with, and inducement to breach, contract.

Abari alleged in relevant part: Beginning August 15, 1978, his home at 3367 Rambla Pacifico in Malibu was insured under a State Farm all risks policy. In the latter part of 1979, Abari noticed cracks within the house, next to the fireplace, in the living room wall, and on the kitchen counter, as well as in the driveway. The problems progressively worsened. In September 1984, Abari returned to live in the house, after having rented it out for several years. At that time, Abari observed new cracks, as well as widening of the earlier cracks. Abari thus became aware he had sustained a loss manifested by subsidence and cracking of the insured dwelling. Around September 1984, or within several months thereafter, Abari became aware he was entitled to benefits pursuant to his State Farm policy from conversations with neighbors who had suffered similar losses. In January 1985, Abari consulted an attorney regarding the matter. On January 21, 1985, a claim was submitted to State Farm.

Copies of the one-year policies which took effect August 15, 1978, and November 20, 1980, were appended as exhibits to the complaint.[1]

State Farm demurred on the ground, inter alia, each cause of action was barred by the one-year commencement of suit provision set forth in the policy. The provision provides: "SUIT. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

The matter was heard August 21, 1987. The trial court held the breach of contract, breach of covenant of good faith and fair dealing, and unfair practices causes of action were barred by the one-year commencement of suit provision in the policy, and further, that Abari had abandoned the other causes of action. State Farm's demurrer was sustained without leave and the action was dismissed. Reconsideration was denied, and Abari appealed.

---

[1] State Farm was the insurer on the property until either November 20, 1981, or November 20, 1982.

CONTENTIONS

Abari contends: (1) the one-year contractual time limitation is tolled under the discovery rule; (2) the policy in effect in 1979 did not contain the one-year limitation; (3) the contractual limitation does not apply to the bad faith and unfair practices counts; and (4) the complaint stated facts tolling any time limitation.

DISCUSSION

1. *Standard of appellate review.*

■ The function of a demurrer is to test the sufficiency of a pleading by raising questions of law. (*Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].) The allegations are regarded as true, and are liberally construed with a view to attaining substantial justice. (*Shaeffer* v. *State of California* (1970) 3 Cal.App.3d 348, 354 [83 Cal.Rptr. 347]; *King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].)

■ The reviewing court is not concerned with a plaintiff's possible inability to prove the allegations, but only that the party may be entitled to some relief. (*Highlanders, Inc.* v. *Olsan* (1978) 77 Cal.App.3d 690, 697 [143 Cal.Rptr. 679]; *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

2. *Policy contained one-year commencement of suit provision.*

As indicated, Abari appended copies of the August 15, 1978, and November 20, 1980, policies to the complaint. In his opening brief, Abari contended the one-year provision was not part of the 1978 policy.

We granted State Farm's request to augment the clerk's transcript with a complete copy of the 1978 policy. Contrary to Abari's contention, the policy contains the one-year commencement of suit provision.

In his reply brief, Abari appears to have abandoned the contention.

We treat the subject policy as having been pled in its entirety. (*Helix Land Co.* v. *City of San Diego* (1978) 82 Cal.App.3d 932, 937 [147 Cal.Rptr. 683].)

3. *Abari failed to state facts to toll the running of the commencement of suit provision.*

Preliminarily, Abari's belated discovery in 1984 that his homeowners' policy might afford coverage is without import. ■ "It is the occurrence of some . . . cognizable event rather than knowledge of its legal significance that starts the running of the statute of limitations." (*McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 804 [159 Cal.Rptr. 86].)

■ Abari submits the trial court should have rejected State Farm's argument that the cracks in 1979 put Abari on notice of subsidence. Abari urges on appeal "[t]he cracks may have been so small that no reasonable person would be put on notice of a subsidence problem."

It is conceivable the cracks were trivial, so that Abari was not alerted to the gravity of the damage. However, the complaint lacks such an allegation. As set forth *ante,* Abari merely pled he discovered the cracks in 1979; the cracks worsened over time; and upon reentering the property in 1984, after being an absentee landlord, he observed further damage.

■ The subject complaint was Abari's third attempt to state a cause of action against State Farm. In the earlier demurrers, State Farm called attention to Abari's failure to plead when the damage arose. Abari had ample opportunity to plead his best case, as nearly two and one-half years elapsed between the initial and second amended complaints.

■ ■ ■ Because the record compels the conclusion that Abari was on notice beginning in 1979, the sustaining of the demurrer without leave was a proper exercise of the trial court's discretion.[2]

■ Subsequently, Abari filed a declaration in support of the motion for reconsideration stating when he noticed the cracks in 1979, he believed they were merely signs of normal settlement which any house experiences. However, such proposed allegation could not cure a further patent defect in the complaint. As indicated, Abari pled the cracking progressively worsened from 1979. Because a cause of action under the discovery rule accrues when the plaintiff discovers or *should have discovered* all facts essential to the cause of action (*April Enterprises, Inc.* v. *KTTV* (1983) 147 Cal.App.3d 805, 826 [195 Cal.Rptr. 421]), Abari's status as an absentee landlord until 1984 does not toll accrual.[3]

---

[2] Leaving aside the one-year commencement of suit provision, because Abari discovered the damage in 1979 and did not file suit until 1985, he also missed the four-year statute for breach of contract. (Code Civ. Proc., § 337.)

[3] In the declaration Abari also asserts he did not suspect subsidence until the end of September 1984, when the county shut down the road in front of his home, which road had slid

Abari also invokes the rule that each new separate subsidence gives rise to a new cause of action. (*Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607, 616 [77 Cal.Rptr. 633].) However, Abari does not offer to amend his pleading to allege discrete causes of action against State Farm for each subsidence, and does not contend that he is capable of doing so.

### 4. *Bad faith and unfair practices counts likewise fail.*

■ Abari contends the one-year commencement of suit provision does not apply to the bad faith and unfair practices counts, as they are not on the policy, but rather, arise out of the contractual relationship. (*Frazier* v. *Metropolitan Life Ins. Co.* (1985) 169 Cal.App.3d 90, 103-104 [214 Cal.Rptr. 883]; *Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 49 [147 Cal.Rptr. 565].) In *Murphy,* the plaintiffs complained of wrongful conduct by the insurer subsequent to their fire loss, and alleged unjustified refusal to pay or prolonged delay in paying legitimate claims under the policy. (*Murphy* v. *Allstate Ins. Co., supra,* 83 Cal.App.3d at pp. 47, 49.) As such, the bad faith "damages claimed were not caused by any risk insured against under the policy and were not recoverable under the policy." (*Id.,* at p. 49.)

Contrarily, Abari alleged in both the bad faith and unfair practices counts that "[b]y reason of defendants STATE FARM . . . breach of the covenant of good faith and fair dealing, plaintiff has been and continues to be damaged in an amount equal to the benefits payable under the policies, plus interest thereon." Abari's pleading thus reveals his bad faith and unfair practices claims are a transparent attempt to recover *on the policy,* notwithstanding his failure to commence suit within one year of accrual.

### DISPOSITION

The order is affirmed. Abari to bear costs on appeal.

Arabian, J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 1988.

---

down the hill and had become impassable. The declaration is thus at odds with Abari's allegation he discovered the loss upon returning to the house in 1984, at which time he observed the widened cracks and additional cracks.