336

TIG INSURANCE COMPANY,
a California corporation,
Plaintiff–Appellant,

v.

ACE AMERICAN INSURANCE COM-
PANY, a Pennsylvania corpora-
tion, Defendant–Appellee.

No. 04–57028.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed June 8, 2007.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

---

Joanne M. Wendell, Esq., Charlston, Revich & Chamberlain, Los Angeles, CA, for Plaintiff–Appellant.

Anderson Mcpharlin & Conners, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, BRUNETTI, and KOZINSKI, Circuit Judges.

MEMORANDUM **

■ TIG did not file its lawsuit until December 3, 2003. To the extent its claims are based in subrogation, TIG's action was untimely under the policy's two-year contractual limitations period applicable to suits by the insured, which expired June 6, 2003, at the latest. Contrary to TIG's contention, ACE's denial of coverage on that date was unequivocal and effectively terminated the period of equitable tolling, notwithstanding any "statement[s] of willingness to reconsider." *Migliore v. Mid–Century Ins. Co.*, 97 Cal.App.4th 592, 605, 118 Cal.Rptr.2d 548 (2002). Moreover, to the extent TIG attempts to charac-

terize its contribution and indemnity claims as indirect, independent causes of action against ACE as a co-insurer, TIG's action is still untimely. Given that TIG made its payments on June 26, June 30, and July 30, 2003, its claims for contribution or indemnity based on those payments did not come into existence until after the insured's claim against ACE became unenforceable under contractual limitations period. *See Great Am. W., Inc. v. Safeco Ins. Co. of Am.*, 226 Cal.App.3d 1145, 1148, 1152–53, 277 Cal.Rptr. 349 (1991) (stating that "such a claim is timely if filed within two years of the payment by the co-insurer as long as the insured had an enforceable claim against the indemnitor/contributor at the time of payment").

■ We reject TIG's contention that ACE should be equitably estopped from invoking the contractual limitations period because ACE allegedly violated 10 Cal. Code Regs. § 2695.4 by failing to give the insured written notice of the contractual limitations period. *See Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal.App.4th 1260, 1269, 84 Cal.Rptr.2d 552 (1999). Equitable estoppel is inapplicable here because, unlike in *Spray, Gould*, TIG has failed to establish that the first party insured lacked actual knowledge of the policy limitations period. *See id.* at 1266, 1267–68 & n. 5, 84 Cal.Rptr.2d 552 (finding a triable issue on the third element of equitable estoppel where the insured submitted declarations showing such lack of actual knowledge); *see also Migliore*, 97 Cal.App.4th at 606, 118 Cal.Rptr.2d 548.

■ Finally, we reject TIG's suggestion that California's 4–year statute of limitations for breach of contract actions governs this case. *See* Cal.Civ.Proc.Code

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 337. Section 337 sets forth a default limitations period that the parties can shorten by contract, as was the case here. *See Abari v. State Farm Fire & Caus. Co.*, 205 Cal.App.3d 530, 532, 535 n. 2, 252 Cal.Rptr. 565 (1988) (noting that a claim was barred under *both* the contractual period and the 4–year statute of limitations).

Because we conclude TIG's claim is barred by the 24–month limitations period in the ACE builder's risk policy, we need not resolve the remaining issues raised by the parties.

**AFFIRMED.**