Filed 4/23/15  First Mortgage v. Cal. Casualty Ins. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FIRST MORTGAGE CORPORATION, | |
| Plaintiff and Appellant, | E059442 |
| v. | (Super.Ct.No. CIVRS1203622) |
| CALIFORNIA CASUALTY INSURANCE COMPANY et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Affirmed.

Law Office of Robert E. Dougherty and Robert E. Dougherty for Plaintiff and Appellant.

Murtaugh Meyer Nelson & Treglia, Lawrence J. DiPinto and Thomas N. Fay for Defendants and Respondents.

1

I

INTRODUCTION

Plaintiff First Mortgage Corporation (First Mortgage) appeals from a summary judgment granted in favor of defendant California Casualty.[1]  Defendant was the insurer of residential real property in which First Mortgage held a security interest. When the property was damaged by fire in January 2007, defendant issued a check to the property owner and to First Mortgage.  The owner cashed the check and did not share the proceeds with First Mortgage.  First Mortgage did not file its lawsuit against defendant until May 2012.  We hold First Mortgage's claim was time-barred and we affirm the summary judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the complaint and set forth in defendant's summary judgment motion, only one material fact was purportedly disputed as discussed below.

Defendant issued a fire insurance policy to a Sun City residence owned by Leslie Bollockus, the named insured.  The mortgage lender on the property was First Mortgage. One condition of the policy was that an action against defendant be brought within two

---

[1]  Three companies are separate but related entities:  California Casualty Insurance Company, California Casualty Management Company, and California Casualty Indemnity Exchange.  For the purposes of this appeal, we treat them as a single defendant.

years of the date of loss. In its opposing separate statement, the only fact purportedly disputed by First Mortgage is the applicability of the two-year limitation period in the insurance policy. However, First Mortgage offered no evidence in support of its contention that the two-year limitation does not apply. All of First Mortgage's arguments are based on legal issues.

Bollockus reported a fire loss occurring on January 8, 2007. On August 24, 2007, defendant issued a settlement check in the amount of $179,025, payable to Bollockus and to First Mortgage, and mailed the check to Bollockus. Provident Bank cashed the check for Bollockus on August 28, 2007, without obtaining an endorsement from First Mortgage.

On February 7, 2008, First Mortgage learned about the loss and the issuance of the insurance check. Bollockus had died so the information was provided by her sister. First Mortgage did not confirm until October 8, 2009—more than two years after the date of loss of January 8, 2007—that the settlement check had been cashed. First Mortgage apparently expected that defendant would pursue a claim against Provident Bank. However, that claim expired three years after August 28, 2007, on August 28, 2010.

First Mortgage contacted defendant again on September 29, 2011—more than four years after the date of loss and after the insurance check was cashed in August 2007. First Mortgage then filed its lawsuit on May 10, 2012—more than five years after the date of loss.

The trial court granted summary judgment, based on the two-year limitations

3

period under the insurance policy and the four-year statute of limitations for breach of a written contract. (Civ. Code, § 337.) Additionally, the court granted summary judgment on the grounds that First Mortgage had received constructive possession of the settlement check and because Commercial Code section 3309 did not apply.

III

DISCUSSION

*1. Standard of Review*

Summary judgment was properly granted in this case if there were no triable issues of material fact and defendant was entitled to judgment as a matter of law: "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843; Code Civ. Proc., § 437c, subd. (c).)

Defendant was entitled to summary judgment if it established a complete defense to First Mortgage's causes of action, or showed that one or more elements of each cause of action cannot be established. (Code Civ. Proc., § 437c, subd. (o); *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 849.) Once defendant met its initial burden of production, the burden shifted to First Mortgage to demonstrate a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar,* at pp. 850-851.)

The trial court bases its determination on the issues as framed by the pleadings and on the evidence submitted by the parties: "In determining the propriety of a summary

4

judgment, the trial court is limited to facts shown by the evidentiary materials submitted, as well as those admitted and uncontested in the pleadings. [Citations.] The court must consider all evidence set forth in the parties' papers, and summary judgment is to be granted if all the papers submitted show there is no triable issue of material fact in the action, thereby entitling the moving party to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)" (*Committee to Save the Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn.* (2001) 92 Cal.App.4th 1247, 1261.)

On appeal, we conduct a de novo review of the record: "We examine the evidence and independently determine its effect. [Citation.] We must uphold the judgment if it is correct on any ground, regardless of the reasons the trial court gave. [Citation.]" (*Committee to Save the Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn., supra*, 92 Cal.App.4th at p. 1261.)

The same principles apply in the insurance context: "'We apply a de novo standard of review to an order granting summary judgment when, on undisputed facts, the order is based on the interpretation or application of the terms of an insurance policy.' [Citations.] [¶] In reviewing de novo a superior court's summary adjudication order in a dispute over the interpretation of the provisions of a policy of insurance, the reviewing court applies settled rules governing the interpretation of insurance contracts." (*Powerine Oil Co., Inc. v. Superior Court* (2005) 37 Cal.4th 377, 390.)

5

*2. Interpretation of Insurance Contract*

Having independently reviewed the parties' combined separate statements, we conclude there is no evidence of material facts in dispute. The uncontradicted evidence establishes that a fire loss occurred on January 8, 2007, and First Mortgage did not file its complaint against defendant until May 2012, more than five years after the loss.

In view of the undisputed facts, our task is to apply the three-step process for interpretation of an insurance contract to decide whether there is coverage. (*AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 821-822.) The ordinary rules of contractual interpretation include the fundamental goal of giving effect to the mutual intention of the parties. When clear and explicit contractual language governs, intent is to be inferred solely from the written provisions of the contract if possible. (*Powerine Oil Co., Inc. v. Superior Court, supra*, 37 Cal.4th at p. 390, citing *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 and *AIU Ins. Co.,* at pp. 821-822.) An insurer is entitled to limit its coverage to defined risks and, if it does so in clear language, courts will not impose coverage where none was intended. (*National Ins. Underwriters v. Carter* (1976) 17 Cal.3d 380, 386.) Whether a clause is ambiguous and whether an insured has an objectively reasonable expectation of coverage in light of the insuring language are questions of law. (*Schrillo Co. v. Hartford Accident & Indemnity Co.* (1986) 181 Cal.App.3d 766, 775-776.)

*3. The Statute of Limitations*

First Mortgage argues the "date of loss" was not January 8, 2007, and the two-year limitations period set forth in the insurance policy does not apply. Instead, First Mortgage contends the date of its actual injury is a material disputed fact. First Mortgage argues that its cause of action against defendant did not accrue until February 29, 2012, when defendant's lawyer wrote a letter denying First Mortgage's demand for payment.

The application of the statute of limitations is a question of law. (*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611-612.) The court may grant summary judgment based on the statute of limitations despite a challenge to the purported uncertainty of the accrual date. (*Southland Mechanical Constructors Corp. v. Nixen* (1981) 119 Cal.App.3d 417.)

In this case, it is not disputed First Mortgage discovered on February 7, 2008, that the fire had occurred on January 8, 2007. First Mortgage admittedly did very little investigation. When First Mortgage contacted defendant on October 8, 2009, it learned the insurance check had been cashed but the copy of check did not clearly show the date when it had been cashed. First Mortgage did not learn finally until September 29, 2011, that the actual date the check had been cashed was in August 2007. It is uncontradicted that First Mortgage did not file its lawsuit for more than five years after the loss occurred and more than four years after the insurance check was cashed. First Mortgage's claims were barred by the two-year limitations period of the insurance contract.

First Mortgage's claims were also barred by the four-year statutory limitation for a complaint based on a written contract. (Code Civ. Proc., § 337; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 535, fn. 2.) First Mortgage offered no disputed facts at all to support its argument that the four-year period did not begin to run until there was a default in loan payments, apparently as of December 6, 2010. Nonpayment on the mortgage by Bollockus, or her estate, had nothing to do with payment of insurance proceeds. There are also no disputed facts submitted concerning First Mortgage's legal assertion that its cause of action against defendant did not accrue until February 29, 2012, when defendant's lawyer refused First Mortgage's demand for payment. The refusal occurred more than five years after the loss and more than four years after defendant had paid the loss. First Mortgage's belated demands could not revive an already stale claim.

*4. Equitable Estoppel or Tolling*

First Mortgage also improperly raises a new legal issue on appeal—equitable estoppel or tolling of the limitations period. (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 652; *California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581; *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370-371, 379.) "An estoppel against a limitations defense usually "'arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action."' [Citations.] [¶] "'Four elements must ordinarily be proved to establish an equitable estoppel: (1) The party to be estopped must know the facts; (2) he must intend

8

that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury."' [Citation.] [¶] Application of equitable estoppel against the assertion of a limitations defense typically arises through some misleading affirmative conduct on the part of a defendant." (*Spray, Gould & Bowers v. Associated Internat. Ins. Co.* (1999) 71 Cal.App.4th 1260, 1267-1268.)

Here defendant did not engage in any conduct intended to delay First Mortgage. First Mortgage cannot identify any evidence that defendant knew facts and, intended that its conduct should be acted upon, or acted so that First Mortgage had the right to believe it was so intended. Instead, even though defendant informed First Mortgage of the loss and the issuance of an insurance check, First Mortgage did not protect its interest in a timely way. Equitable estoppel or tolling does not apply under these circumstances.

First Mortgage also accuses defendant of violating insurance regulations (Cal. Code Regs., tit. 10, § 2695.4, subd. (a)), by not disclosing "the benefits, coverages, time limits or other provisions" of the insurance policy, presumably the two-year limitation period. First Mortgage has supplied no facts to show it was a "first party claimant or beneficiary" as identified under the regulations. In fact, First Mortgage did not make any claim on the insurance policy until 2012. For that reason, there is also no basis to apply principles of estoppel. (*Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1991, fn. 11.)

9

*5. Commercial Code Section 3309*

Independent of its single cause of action for breach of an insurance contract, First Mortgage also argues it has a statutory right of recovery under Commercial Code section 3309[2], which allows enforcement of a lost, destroyed, or stolen instrument. Notably, First Mortgage did not base its complaint on this statute. Nonetheless, we agree with the trial court that First Mortgage cannot assert a claim under Commercial Code section 3309. In both state and federal cases, the courts have held section 3309 only applies where the insurance check was lost, destroyed, or stolen, (*Bank of America Nat. Trust & Sav. Assn. v. Allstate Ins. Co.* (C.D. Cal. 1998) 29 F.Supp.2d 1129, 1145), or where the endorsement may have been forged. (See *Crystaplex Plastics, Ltd. v. Redevelopment Agency* (2000) 77 Cal.App.4th 990, 1000 [Fourth Dist., Div. Two].)

---

[2] Commercial Code section 3309: "(a) A person not in possession of an instrument is entitled to enforce the instrument if (1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (2) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

"(b) A person seeking enforcement of an instrument under subdivision (a) shall prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, Section 3308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means."

Instead, the undisputed facts in this case demonstrate that Provident Bank accepted the check for payment to Bollockus without requiring an endorsement from First Mortgage. The check was not lost, stolen, or destroyed; the endorsement was not forged. The conduct by Provident Bank and Bollockus did not give First Mortgage the right to sue defendant many years after the loss was sustained and the check was negotiated. (*Bank of America,* at p. 1145.)

IV

DISPOSITION

The only material dispute identified by First Mortgage involved whether the two-year limitation period applied. We have independently reviewed First Mortgage's legal arguments and conclude the trial court properly granted summary judgment. We affirm the summary judgment and order defendant, as the prevailing party, to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>HOLLENHORST</u>
J.