Filed 4/29/25  Ramyead v. State Farm General Insurance Company CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VISHNUDUT RAMYEAD et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　Defendant and Respondent. | B329614<br><br>(Los Angeles County<br>　Super. Ct. No.<br>　20STCV06274) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  William F. Highberger, Judge.  Affirmed.

　　　McCathern, Evan Selik and Christine Zaouk for Plaintiffs and Appellants.

　　　Sheppard, Mullin, Richter & Hampton, Jennifer M. Hoffman, Valerie E. Alter and Katherine C. Sample for Defendant and Respondent.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

After their personal property suffered water damage, plaintiffs and appellants Vishnudut and Teika Ramyead (collectively, plaintiffs) submitted a claim to their property insurer, defendant and respondent State Farm General Insurance Company (State Farm).  State Farm paid plaintiffs a total of $750.75.  Dissatisfied with State Farm's handling of their claim, plaintiffs filed a class action lawsuit against State Farm, bringing causes of action for alleged violations of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) and declaratory relief.

The trial court granted State Farm's motion for summary judgment.  Because plaintiffs' lawsuit is barred by the one-year statute of limitations governing insurance claims, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I.    The Insurance Policy

Plaintiffs took out a homeowner's insurance policy with State Farm, effective for one year from February 17, 2018.  As relevant here, the policy provided that State Farm would pay the actual cash value of damaged personal property; specifically, State Farm would "pay only the cost to . . . replace" property (replacement cost) "less depreciation."  (See Cal. Ins. Code, § 2051 [defining "actual cash value" as "the amount it would cost the insured to . . . replace the thing lost . . . less a fair and reasonable deduction for physical depreciation"].)[1]

Additionally, the policy established that, in accordance with state law, "[n]o action shall be brought" against State Farm "unless there has been compliance with the policy provisions.

---

[1]    All further statutory references are to the Insurance Code unless otherwise indicated.

The action must be started within one year after the date of loss or damage." (See § 2071.)

II.  Plaintiffs' Claim

On May 8, 2018, a leaking water supply line damaged plaintiffs' property, including a sofa and ottoman in an adjacent bedroom.[2]

On May 10, 2018, plaintiffs' attorneys filed a claim with State Farm. They reported that the value of the sofa and ottoman was $2,500 and $1,000, respectively; both pieces were about 20 years old.

III.  State Farm's Assessment of Value and Reimbursement

State Farm used a three-step formula to calculate the actual cash value of plaintiffs' furniture. It first found the replacement cost of each item by adding the estimated retail price and local sales tax. Next, it calculated the depreciated value of the item. Finally, it subtracted the depreciation amount from the replacement cost.

For plaintiff's furniture, State Farm calculated a total replacement cost of $3,753.73 ($3499.98 [estimated retail price] + $253.75 [sales tax]). It then found the amount the furniture had depreciated in value ($3002.98, a depreciation of roughly 80 percent). Finally, it subtracted depreciation from the replacement cost, resulting in an actual cash value of $750.75.

On June 13, 2018, Robert Garza (Garza), a State Farm claim specialist, mailed plaintiffs a check for $750.75. On November 14, 2018, Garza sent a closure letter indicating that

---

[2]  Plaintiffs' home also sustained roughly $37,000 in damages. Their real property damages are not part of this appeal.

3

"State Farm ha[d] completed its evaluation of this claim[,]" and would "consider this claim closed as of the date of this letter." The letter notified plaintiffs and their counsel of the one-year limitations period for any lawsuit against State Farm, and specified that while "[t]he one year period . . . does not include the time we take to investigate your claim[,]" "[t]he time from the date of loss . . . to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The . . . limitation period is again running as of the date of this letter."

On February 19, 2019, plaintiffs' counsel asked Garza to void and reissue the check. Garza sent the reissued check the same day, along with a second closure letter. As in the first letter, Garza wrote that "as of the date of this letter[,]" State Farm "consider[ed] this claim closed[,]" and advised plaintiffs that "[t]he one year suit limitation period is again running[.]"

IV.   Complaint

On February 19, 2020, plaintiffs filed a class action against State Farm. Their operative first amended complaint (FAC) set forth two causes of action: (1) violations of the unfair competition law and (2) declaratory relief.

The FAC alleged that State Farm violated California law by adding sales tax to the retail price of personal property before finding and subtracting the property's depreciated value. Plaintiffs contended that this practice effectively depreciates sales tax, "a non-depreciable item" under section 2051 and related regulations. As a result, State Farm wrongly withheld "money that is owed to [p]laintiffs and those other insureds similarly situated." Among other things, the FAC sought

"disgorgement of all sums unjustly obtained" by State Farm, and "restitution to plaintiffs" and other policyholders.[3]

V.     State Farm's Motion for Summary Judgment and Plaintiffs' Opposition

In December 2022, State Farm moved for summary judgment, arguing that (1) plaintiffs' claims were untimely because they were brought after the one-year limitations period, and (2) as a matter of law, section 2051 does not prohibit depreciation of sales tax.

Plaintiffs opposed the motion.  Their opposition argued that plaintiffs' complaint was timely filed within the four-year period of limitations that applies to unfair competition claims.  (Bus. & Prof. Code, § 17208.)  Plaintiffs also disagreed with State Farm's interpretation of section 2051.

VI.     Trial Court Order

In April 2023, after entertaining oral argument, the trial court granted State Farm's motion for summary judgment.

The trial court "rule[d] that [p]laintiffs' claims are indisputably untimely[.]"  Because plaintiffs' "claims for [u]nfair [c]ompetition and [d]eclaratory [r]elief seek to recover amounts they contend State Farm should have included in their . . . payment under the policy and California law . . . their claims

---

[3]     Although plaintiffs do not articulate an alternative formula for calculating actual cash value, they insist that State Farm should have depreciated only the retail price of the furniture. This suggests that State Farm should have paid plaintiffs the sum of the depreciated retail price plus the entire amount of sales tax.  Using the figures provided, that would have resulted in a payout of $953.78, rather than the $750.75 plaintiffs actually received.

5

are 'on the policy' for purposes of the one year . . . limitation contained in their policy."

Moreover, the trial court found that section 2051 and related regulations do not bar an insurer from depreciating sales tax when calculating the actual cash value of personal property.

VII.    Judgment and Appeal

Judgment was entered on May 16, 2023. Plaintiffs timely appealed.

**DISCUSSION**

I.    Standard of Review

"We review the trial court's order granting summary judgment de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in that party's favor." (*Gharibian v. Wawanesa General Ins. Co.* (2025) 108 Cal.App.5th 730, 737.) "[W]e may affirm on any basis supported by the record and the law." (*Vulk v. State Farm General Ins. Co.* (2021) 69 Cal.App.5th 243, 254.)

A party "'moving for summary judgment has the burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action.' [Citation.] The expiration of the applicable statute of limitations is one such complete defense." (*Genisman v. Carley* (2018) 29 Cal.App.5th 45, 49 (*Genisman*).) If the movant "'present[s] evidence establishing the defense and plaintiff[] did not effectively dispute any of the relevant facts, summary judgment was properly granted. [Citations.]'" (*Ibid.*)

II.    Plaintiffs' Lawsuit is Barred by the Applicable Statute of Limitations

A.    *Relevant law*

The parties disagree about which statute of limitations applies to plaintiffs' lawsuit.  Plaintiffs contend that it falls under the four-year period of limitations governing the unfair competition law.  (Bus. & Prof. Code, § 17208.)

Conversely, State Farm argues that the lawsuit is subject to the "one-year limitations period" that applies to "[i]nsurance claims for property damage."  (*Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1148; § 2071, subd. (a) [barring a state of emergency, "[n]o suit or action on [a] policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within 12 months next after inception of loss"].)

B.    *The one-year statute of limitations applies to plaintiffs' lawsuit*

Our Supreme Court recently addressed which statute of limitations applies when a policyholder sues their insurer under the unfair competition law.  (*Rosenberg-Wohl v. State Farm Fire & Casualty Co.* (2024) 16 Cal.5th 520 (*Rosenberg-Wohl*).)  In *Rosenberg-Wohl*, the plaintiff sued her home insurer after it denied her claim for property damage.  (*Id.* at p. 524.)  As relevant here, she brought a class action lawsuit under the unfair competition law, challenged the insurer's general practices regarding claim denials, and sought "only declaratory and injunctive relief on behalf of all policyholders."  (*Id.* at p. 523.)

As here, the parties disputed which statute of limitations applied to the plaintiff's lawsuit:  the four-year limitations period governing the unfair competition law, or the one-year period

mandated by section 2071. (*Rosenberg-Wohl, supra*, 16 Cal.5th at p. 526.) To determine which statute applied, the Supreme Court asked whether the lawsuit was brought "on [the insurance] policy for the recovery of a[] claim[.]" (*Id.* at p. 530.) The court held that section 2071 is "concerned with causes of action that in some manner seek a financial recovery attributable to a claimed loss that was coverable under a policy." (*Id.* at p. 531.) It further suggested that the statute's "reference to courts of equity, read in context, is better understood as concerned with suits or actions that invoke equitable theories and remedies, such as unjust enrichment, in pursuing financial recovery on an insurance claim." (*Id.* at p. 532.)

The *Rosenberg-Wohl* court held that the plaintiff's lawsuit was not governed by section 2071 because she "[wa]s not attempting to directly or indirectly recover damages associated with the denial of her insurance claim[,]" instead "seek[ing] *only* declaratory relief regarding [the insurer's] claims-handling practices generally and a forward-looking injunction under the [unfair competition law]." (*Rosenberg-Wohl, supra*, 16 Cal.5th at p. 523, italics added.)

This appeal is readily distinguishable. In the FAC, plaintiffs request not just declaratory and injunctive relief, but also the return of money that, per plaintiffs, State Farm unlawfully withheld from the amount owed on their claim.[4]

_____

[4]     At the summary judgment hearing, plaintiffs argued that they were "not seeking restitution" or any "benefits under the[ir] policy." When the trial court pointed out that the FAC *did* seek the return of money allegedly owed under the policy, plaintiffs tried to orally waive their prayers for disgorgement and restitution. The court rejected plaintiffs' attempt to "change[] [the] pleading in the middle of oral argument," advising that if

8

Accordingly, plaintiffs do, "in some manner[,] seek a financial recovery attributable to a claimed loss that was coverable under a policy." (*Rosenberg-Wohl*, *supra*, 16 Cal.5th at p. 531.) We thus conclude that their lawsuit is governed by section 2071's one-year limitations period. (*Rosenberg-Wohl*, *supra*, at pp. 531–532.)

Plaintiffs resist this conclusion with two counterarguments; both are meritless. <u>First</u>, they contend that because they did not bring a cause of action for breach of contract, they did not sue "on [the] policy[,]" and thus could not have triggered section 2071. Their argument ignores the analytic framework established by *Rosenberg-Wohl*, which does not restrict section 2071 to contractual causes of action.[5]

---

they "intended to pull it back, [they] should have filed an amended pleading" or "put it in [their] opposition" to summary judgment. In their appellate briefs, plaintiffs do not argue that the FAC should be construed as not seeking monetary relief. (*Roberts v. Assurance Co. of America* (2008) 163 Cal.App.4th 1398, 1410 [an appellant's failure to raise an issue in the opening brief waives it on appeal].)

[5] Plaintiffs' opening brief cites several cases applying section 2071 to lawsuits that alleged contractual causes of action. (*Akin v. Certain Underwriters at Lloyds London* (2006) 140 Cal.App.4th 291; *Jang v. State Farm Fire & Casualty Co.* (2000) 80 Cal.App.4th 1291; *Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 1188; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530.) Contrary to plaintiffs' assertions, these cases do not hold that section 2071 only applies to contract claims. (*Wishnev v. The Northwestern Mutual Life Ins. Co.* (2019) 8 Cal.5th 199, 217 ["It is, of course, 'axiomatic that a decision does not stand for a proposition not considered by the court.' [Citation.]"].) And, in any event, these cases were all

9

Second, plaintiffs argue that because their lawsuit targets State Farm's general practice of depreciating sales tax when paying out personal property claims, they are not "su[ing] under the insurance policy[,]" and "cannot be tied to th[e] contractual statute of limitations" included in their policy. As described above, plaintiffs are suing "on [the] policy for the recovery of a[] claim" (§ 2071) because their complaint seeks the return of money allegedly owed on their insurance claim. And, in any event, the one-year limitations period is not just contractual, but statutory. (See *Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 459 ["As long as the language of the policy is substantially similar to the standard form [found in § 2071], the statutory language will control[.]"];[6] see also *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1272 ["[S]ection 2071's mandated provisions are treated identically to statutes of limitations"].)

C.     *Plaintiffs' lawsuit is time barred*

Three dates are used to ascertain whether a plaintiff filed suit within section 2071's one-year limitations period. First, the limitations period starts running on the date that the insured discovers a loss to covered property. (*Prudential-LMI Commercial Insurance v. Superior Court* (1990) 51 Cal.3d 674, 686–687 (*Prudential-LMI Commercial Insurance*).) In this case,

---

decided over a decade prior to *Rosenberg-Wohl, supra,* 16 Cal.5th 520.

[6]     The parties do not dispute that the limitations period in plaintiffs' policy is substantially similar to the language used by section 2071.

plaintiffs discovered the damage to their furniture on May 8, 2018.

Second, the clock stops running on the date that the insured reports the claim. (*Prudential-LMI Commercial Insurance*, *supra*, 51 Cal.3d at pp. 690–691.) Plaintiffs submitted a claim to State Farm on May 10, 2018.

Third, the limitations period resumes running on the date that the insurer closes its investigation into the insured's claim. (*Prudential-LMI Commercial Insurance*, *supra*, 51 Cal.3d at pp. 690–691.) The parties dispute the date on which State Farm closed its investigation. State Farm asserts that the investigation concluded on November 14, 2018, when it sent the first closure letter. Plaintiffs argue that the investigation remained open until February 19, 2019, when State Farm reissued reimbursement and advised plaintiffs that "as of the date of this letter[,]" State Farm "consider[ed] this claim closed[,]" and advised that "[t]he one year suit limitation period is again running[.]"

Using either closure date, plaintiffs' lawsuit was untimely. The limitations period began running on May 8, 2018. Plaintiffs stopped the clock two days later, when they filed their claim on May 10, 2018. At this point, two days of their one-year limitations period had already elapsed. Thus, from the date State Farm closed its investigation, plaintiffs had one year, less two days, to file suit.[7] (*Prudential-LMI Commercial Insurance*, *supra*, 51 Cal.3d at pp. 690–691.)

---

[7] Plaintiffs should have been aware of this timeline; both closure letters informed them that "[t]he time from the date of loss (May 8, 2018) to the date you reported your claim to your

11

Assuming that State Farm closed the investigation on November 14, 2018, plaintiffs would have had until November 12, 2019, to sue. If State Farm did not close the investigation until February 19, 2019, then plaintiffs had until February 17, 2020. But they did not file this lawsuit until February 19, 2020—two days after the last date on which the statute of limitations could have expired.

Because State Farm successfully established that the applicable statute of limitations bars plaintiffs' lawsuit, "and plaintiffs did not effectively dispute any of the relevant facts[,]" we affirm summary judgment in State Farm's favor. (*Genisman, supra*, 29 Cal.App.5th at p. 49.) We therefore need not address the parties' remaining arguments regarding State Farm's motion for summary judgment.

## DISPOSITION

The judgment is affirmed. State Farm is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.       _____, J.
LUI                                                        RICHARDSON

---

agent does count in computing the amount of time that has already expired."