Filed 7/20/15  The Sombrero, Inc. v. Markel International Ins. Co. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THEE SOMBRERO INC., | |
| Plaintiff and Appellant, | E060705 |
| v. | (Super.Ct.No. CIVDS1206570) |
| MARKEL INTERNATIONAL INSURANCE COMPANY LTD. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Law Office of Guinevere M. Malley and Guinevere M. Malley for Plaintiff and Appellant.

Smith Smith & Feeley, Stephen E. Smith and Scott P. Ward for Defendants and Respondents.

I

INTRODUCTION

Thee Sombrero Inc. (Thee Sombrero) owns commercial real property in Colton. Defendant and respondent, Markel International Insurance Company, Ltd. (Markel), was the insurer for Thee Sombrero under an insurance policy. Harry W. Gorst Co., Inc. (Gorst) is an insurance broker. The trial court granted defendants' motion for summary judgment on the Thee Sombrero's belated 2012 lawsuit for insurance coverage for damages caused by vandalism in 2007. In the absence of any disputed material facts, we affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

The parties' separate statements established the following undisputed material facts. Thee Sombrero owns commercial real property and personal property in Colton. Markel is a surplus lines insurer. Gorst is a surplus lines insurance broker.

Thee Sombrero's insurance broker, RISCO Insurance Services, Inc. (RISCO),[1] directed Gorst to procure a commercial insurance policy for Thee Sombrero. Gorst obtained a policy from Markel which was effective from February 2007 to February

_____

[1] RISCO is not a party.

2

2008.  Gorst delivered the policy to RISCO and RISCO forwarded the policy to Thee Sombrero in June 2007.  Its president, Henry Aguila, reviewed the policy and filed it.

The "Causes of Loss—Basic Form" (CP 10 10 04 02) for the Markel policy included coverage for vandalism.  In December 2007, the Colton property was vandalized.  However, Aguila testified in his deposition that Thee Sombrero did not receive the "Causes of Loss" form as part of the policy documents when it was issued in 2007.  Aguila did not discover the omission of the form until February 2011 when he was reviewing insurance coverage for other properties.  Thee Sombrero contends it reasonably relied on the incomplete policy when it did not make a claim for the vandalism until 2011.

The Markel policy also included a two-year contractual limitation on the right to sue for coverage after a loss occurs.  (Ins. Code, § 2071.)  In April 2011, Three Sombrero submitted to Markel a claim for the vandalism loss.  Markel denied the claim in August 2011 because more than two years had passed since December 2007 when the loss occurred.

In June 2012, Thee Sombrero filed a complaint against defendants for breach of contract, negligence, and breach of the covenant of good faith and fair dealing.  In December 2013 the trial court granted defendants' motion for summary judgment as to all causes of action based on the absence of reliance or causation.

III

DISCUSSION

We independently review a decision granting or denying a motion for summary judgment. (*Guz v. Bechtel National, Inc*. (2000) 24 Cal.4th 317, 335; *Lawrence v. Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 571.) A defendant is entitled to summary judgment as a matter of law if there is no triable fact as a matter of law. (Code Civ. Proc., § 437c, subds. (c) and (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; *Lawrence,* at p. 571.) When an insured does not file a lawsuit within an insurance policy's contractual limitation period, it is a complete defense and the trial court may grant summary judgment. (*Singh v. Allstate Ins. Co.* (1998) 63 Cal.App.4th 135, 148; *Lawrence,* at p. 571.)

A one- or two-year limitation period is acceptable under California law. (Ins. Code, § 2071; *C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064; *Lawrence v. Western Mutual Ins. Co., supra,* 204 Cal.App.3d at p. 571; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 536; *Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 1188, 1192-1193.) The limitation period begins to run when the loss occurs or is discovered. (*Lawrence,* at p. 573; *Abari,* at p. 535.) Here the loss was discovered immediately after it occurred in December 2007. Apparently Aguila did not investigate the extent of the Markel insurance coverage for several years. Aguila did not discover his policy had coverage for vandalism until 2011, more than

4

three years after the loss in December 2007.  Therefore, Thee Sombrero's claim is time-barred.  (*Lawrence,* at p. 574; *C & H,* at p. 1064.)

To avoid this outcome, Thee Sombrero contends the limitations period did not begin to run until Markel had provided a complete policy.  Thee Sombrero argues that, because defendants failed to supply a complete policy in 2007, Thee Sombrero did not have notice that vandalism was a covered loss.  Therefore, Thee Sombrero maintains defendants are liable under alternative theories of estoppel and negligence.

Thee Sombrero argues an insurer may be estopped from raising a limitations defense if the insured party can show he reasonably relied on the insurer's representations.  (*Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1152-1153; *Chase v. Blue Cross of California* (1996) 42 Cal.App.4th 1142, 1152.)  Thee Sombrero also relies on *Smeaton v. Fidelity Nat. Title* (1999) 72 Cal.App.4th 1000, 1004, in which the appellate court ruled the limitations period could not begin to run before a complete title policy had been issued:  "Moreover, because a claim founded upon a title policy relies upon the policy's language, an insured could not institute a lawsuit prior to reviewing the policy.  Although the insured may have discovered facts leading the insured to believe a claim existed, the insured could not be certain of the viability of the claim before reviewing the actual language contained in the policy."

We conclude, however, that the undisputed facts establish there was no causation between the incomplete insurance policy and Thee Sombrero's delay in making a claim

and filing suit.  (*Nardizzi v. Harbor Chrysler Plymouth Sales, Inc.* (2006) 136 Cal.App.4th 1409, 1414.)  Causation is an essential element of negligence.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780-781; *Van Dyke v. Dunker & Aced* (1996) 46 Cal.App.4th 446, 452.)  The facts demonstrate Three Sombrero's president did not review the Markel insurance policy until more than three years had elapsed since the loss occurred.  Furthermore, no facts showed the president relied on the incomplete policy when he failed to submit a timely claim.  He did not review the policy for coverage until years later.  The incomplete policy was not the cause of the delay.

In the absence of detrimental reliance, estoppel does not apply.  (*Golden West Baseball Co. v. City of Anaheim* (1994) 25 Cal.App.4th 11, 48.)  As in *Lawrence*, Thee Sombrero did not refrain from initiating a timely suit within the two-year period for filing an action because the insurance policy was incomplete.  (*Lawrence v. Western Mutual Ins. Co. supra,* 204 Cal.App.3d at p. 574.)  This case is also unlike the *Vu* case which involved positive misrepresentations by the insurer about whether the damages exceeded the policy's deductible.  Defendants made no misrepresentations about coverage to Thee Sombrero.  For the same reason, Thee Sombrero cannot plausibly assert defendants breached any fiduciary duty (*Gibson v. Government Employees Ins. Co.* (1984) 162 Cal.App.3d 441, 449-450) or any duty of good faith and fair dealing.  (*Sarchett v. Blue Shield of California* (1987) 43 Cal.3d 1, 13-18.)

Based on the foregoing, none of Thee Sombrero's three causes of action survives a summary judgment motion. The lawsuit was filed more than four years after the loss and there was no factual showing of causation, of negligence by Martel, or of reliance by Thee Sombrero.

## IV

## DISPOSITION

We affirm the judgment. Defendants, the prevailing parties, are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


KING
Acting P. J.


MILLER
J.

7