[No. A095447. First Dist., Div. Four. Apr. 30, 2002.]

JANE McGONNELL, Individually and as Successor in Interest, etc., et al., Plaintiffs and Appellants, v.
KAISER GYPSUM COMPANY, INC., et al., Defendants and Respondents.

**COUNSEL**

Brayton & Purcell, Alan R. Brayton, Gilbert L. Purcell and Diane L. Abraham for Plaintiffs and Appellants.

Jackson & Wallace, John R. Wallace, James R. Colgan and Gabriel Jackson for Defendants and Respondents.

**OPINION**

**REARDON, Acting P. J.**—The decedent in this wrongful death action allegedly died of asbestos-related lung cancer. Testimony taken before his death showed decedent had no knowledge of exposure to products manufactured by defendants Kaiser Gypsum Company, Inc. (Kaiser Gypsum) and Kaiser Cement Corporation (Kaiser Cement). The trial court found no triable

issue of fact regarding decedent's exposure to defendants' products, and no evidence decedent had been exposed to asbestos-containing products manufactured by defendants. The court granted summary judgment in favor of both Kaiser Gypsum and Kaiser Cement.

Plaintiffs contend defendants failed to make a prima facie showing of the nonexistence of any triable fact. Alternatively, plaintiffs contend they produced substantial evidence showing triable issues of material fact. We disagree on both counts and affirm the judgment.

## BACKGROUND

James McGonnell (McGonnell) filed a complaint for personal injuries resulting from asbestos exposure in 1997. (Super. Ct. S. F. City and County, No. 989625.) Following his death in 1999, plaintiffs, his wife and two daughters, filed an amended complaint for survival, loss of consortium, and wrongful death. (Super. Ct. No. 996639.) They alleged McGonnell had been exposed to asbestos-containing products at various locations over many years, which caused severe injuries including lung cancer. The exposure occurred as McGonnell performed his duties as a plumber and pipefitter. The complaint listed his last job as plumber/engineer/assistant chief engineer at California Pacific Medical Center (California Pacific) in San Francisco, from 1975 to 1999. The complaint named numerous defendants, including Kaiser Gypsum and Kaiser Cement.

McGonnell was deposed before his death. He testified that he worked in every single building at the California Pacific medical complex (formerly known as Presbyterian Hospital). Generally, his duties consisted of maintenance and repair of the plumbing in the various buildings. During the course of his duties he would regularly cut through or cut out walls to perform work behind the walls, where he would encounter insulation and fireproofing materials.

McGonnell testified that he had never heard of a company called Kaiser Gypsum. As far as he knew, he had never worked with Kaiser Gypsum products, or near others using Kaiser Gypsum products. He had heard of Kaiser Cement Company and had seen bags of cement with that name on it, but he could not recall where he had seen the bags.

Based on this information from McGonnell's deposition, Kaiser Gypsum and Kaiser Cement moved for summary judgment. They asserted there was no evidence McGonnell had had any contact with their products, and, therefore, no evidence their products caused his injuries.

In response, plaintiffs offered invoices that showed products manufactured by Kaiser Gypsum might have been delivered to California Pacific in the 1970's and possibly used in building additions or renovations. They also produced discovery responses from Kaiser Gypsum that showed its principal business was manufacturing and marketing gypsum plaster, gypsum lath, and gypsum wallboard. According to the discovery responses, none of these products contained asbestos. Kaiser Gypsum, however, also manufactured various compounds for installing and finishing wallboard that did contain asbestos. Kaiser Gypsum ceased to use asbestos in these products in the early to mid-1970's.

Plaintiffs also offered discovery responses from Kaiser Cement that showed its principal business was the manufacture and sale of portland cement. Portland cement does not contain asbestos. Kaiser Cement did make two products that contained asbestos—"plastic cement" and "masonry cement." Kaiser Cement ceased using asbestos in the manufacture of plastic cement in Northern California in 1973, and in Southern California in 1976. Plaintiffs offered evidence that plastic cement might have been used in construction at California Pacific in the late 1970's.

Finally, plaintiffs presented declarations from an expert who opined that McGonnell had been exposed to asbestos while performing his duties at California Pacific, and that asbestos-containing products from Kaiser "were used in the construction" of California Pacific during the 1970's.

The trial court found no triable issue of fact regarding McGonnell's exposure to asbestos-containing products from Kaiser Gypsum or Kaiser Cement. The court granted the motion for summary judgment and entered judgment against plaintiffs. Plaintiffs appeal.

DISCUSSION

A.  *Standard of Review*

■ On an appeal from an order granting summary judgment, we independently examine the record to determine whether there are any triable issues of material fact. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) In performing our review, we view the evidence in the light most favorable to plaintiffs as the losing parties, resolving any evidentiary doubts or ambiguities in their favor. (*Id.* at p. 768.)

■ A defendant moving for summary judgment has met his or her burden of showing a cause of action has no merit if the defendant can show

one or more elements of the plaintiff's cause of action cannot be established. (Code Civ. Proc., § 437c, subd. (*o*)(2).) In such a case, the defendant bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) If the defendant carries the burden of production, the burden shifts to the plaintiff to make his or her own prima facie showing of the existence of a triable issue of fact. (*Ibid.*) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. [Fn. omitted.]" (*Ibid.*)

### B. *Form of Summary Judgment Motion*

■  Plaintiffs initially argue the motion for summary judgment was procedurally defective in that it was jointly brought by Kaiser Gypsum and Kaiser Cement. But plaintiffs did not object on this ground below, they have not shown any prejudice from the joint motion, and they have not cited any authority holding that defendants represented by the same counsel and relying on the same evidence and arguments cannot bring a joint motion for summary judgment. Plaintiffs have waived any objection to the content or form of the summary judgment motion. (See *Haskell v. Carli* (1987) 195 Cal.App.3d 124, 129 [240 Cal.Rptr. 439].)

### C. *Shift of Burden to Plaintiffs*

■  A threshold issue in asbestos litigation is exposure to the defendant's product. The plaintiff bears the burden of proof on this issue. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 975-976 [67 Cal.Rptr.2d 16, 941 P.2d 1203]; *Lineaweaver v. Plant Insulation Co.* (1995) 31 Cal.App.4th 1409, 1415-1416 [37 Cal.Rptr.2d 902].) If there has been no exposure, there is no causation. (*Dumin v. Owens-Corning Fiberglas Corp.* (1994) 28 Cal.App.4th 650, 655 [33 Cal.Rptr.2d 702].) Plaintiffs may prove causation in an asbestos case by demonstrating that the plaintiff's or decedent's exposure to the defendant's asbestos-containing product in reasonable medical probability was a substantial factor in contributing to the aggregate dose of asbestos the plaintiff or decedent inhaled or ingested, and hence to the risk of developing asbestos-related cancer. (*Rutherford, supra,* at pp. 976-977.)

■  The McGonnell deposition excerpt supporting defendants' summary judgment motion showed McGonnell had no knowledge of any exposure to

Kaiser products, let alone any Kaiser products that contained asbestos.[1] Plaintiffs argue this evidence was insufficient to shift the burden to them to demonstrate the existence of triable issues of fact. Plaintiffs believe defendants simply argued there was a lack of evidence of exposure without making the required prima facie evidentiary showing.

McGonnell's deposition excerpt is precisely the type of evidence specified by the Code of Civil Procedure (§ 437c, subd. (b)) and our Supreme Court (*Aguilar, supra,* 25 Cal.4th at p. 855) as proper evidence to support a summary judgment motion. That evidence showed plaintiffs could not establish an element of their case—causation.

McGonnell was one of the best persons, if not the best person, to identify the various products and substances to which he had been exposed during his employment. At his deposition he was able to identify the kinds of materials he worked with, and the brand names of some of the products he had used. He even remembered working with Sheetrock and joint compounds from U.S. Gypsum. His failure to place any Kaiser products at his place of employment shifted the burden to plaintiffs to produce some circumstantial evidence to establish exposure to Kaiser products.

Plaintiffs suggest that we follow *Scheiding v. Dinwiddie Construction Co.* (1999) 69 Cal.App.4th 64 [81 Cal.Rptr.2d 360], an asbestos exposure case in which summary judgment was reversed on appeal. In *Scheiding*, a general contractor defendant supported its summary judgment motion with a declaration from counsel stating that the plaintiff did not mention the defendant in discovery. (*Id.* at p. 67.) But, as the appellate court noted, the plaintiff had not been asked at his deposition whether he had worked at any jobsite where the general contractor was present. In fact the general contractor asked no questions at the deposition and conducted no other discovery. (*Ibid.*) Here, McGonnell was specifically asked about Kaiser Gypsum and Kaiser Cement. *Scheiding* is inapposite.

D. *Plaintiffs' Evidence*

Plaintiffs submitted their own McGonnell deposition excerpts, which showed McGonnell would cut into walls and disturb building materials. Unfortunately for plaintiffs, they had little evidence that McGonnell disturbed Kaiser products, and virtually no evidence he had disturbed Kaiser products containing asbestos.

---

[1]Defendants also introduced portions of plaintiff Jane McGonnell's deposition testimony in which she professed no knowledge as to whether her husband had worked with any Kaiser products.

Viewed in its best light, plaintiffs' evidence suggests that Kaiser Cement products might have been used once on a construction project at California Pacific. There is no evidence, however, that these products contained asbestos at the time of their use. Deposition excerpts from a contractor and building materials supplier showed Kaiser Cement plastic (stucco) cement might have been delivered for use on a project at California Pacific in the late 1970's. The building materials supplier was unsure of when he delivered the plastic cement, but he finally decided it was "more towards the end of the '70s," although he conceded it was just a guess. Plaintiffs' other evidence (discovery responses) showed Kaiser Cement stopped manufacturing plastic cement containing asbestos in Northern California in 1973, and in Southern California in 1976. Further, as defendants point out, plastic cement is applied to exterior walls for a stucco finish, and there was no evidence McGonnell worked with or around stucco.

With respect to Kaiser Gypsum products, plaintiffs had Kaiser Gypsum invoices showing the sale of wallboard and joint compound to a contractor in 1972. There are indications on the invoices that the materials were for a project at California Pacific. Plaintiffs' other evidence showed Kaiser Gypsum did not use asbestos in its wallboard, but that the joint compound could have contained asbestos.[2] Although the joint compound was delivered to the contractor a few years before McGonnell began his employment at California Pacific, it is at least within the realm of possibility that McGonnell encountered a wall with Kaiser joint compound during his 24 years of employment at California Pacific.

Does this possibility create a triable issue of fact? We think not. It is not enough to produce just some evidence. The evidence must be of sufficient quality to allow the trier of fact to find the underlying fact in favor of the party opposing the motion for summary judgment. (*Aguilar, supra,* 25 Cal.4th at p. 850.) All that exists in this case is speculation that at some time McGonnell might have cut into a wall that might have contained Kaiser joint compound that might have contained asbestos. The evidence creates only "a dwindling stream of probabilities that narrow into conjecture." (*Lineaweaver v. Plant Insulation Co., supra,* 31 Cal.App.4th at p. 1421.) Arguably better evidentiary showings in *Lineaweaver* (*id.* at pp. 1420-1421), and *Dumin v. Owens-Corning Fiberglas Corp., supra,* 28 Cal.App.4th at pages 655-656, resulted in nonsuits or directed verdicts that were affirmed on appeal. (Cf. *Lineaweaver, supra,* at p. 1420 [nonsuit reversed as to another plaintiff who established the defendant's product was definitely at his worksite and sufficiently prevalent to warrant an inference of exposure after more than 30

[2] Plaintiffs claim the wallboard shown in the invoices was a special type called Null-A-Fire wallboard, which they claim contained asbestos. But they had no evidence of that fact and Kaiser Gypsum's discovery responses denied Null-A-Fire contained asbestos.

years of working with and around asbestos at a refinery].) It is proper to grant a summary judgment to avoid a trial that would be "rendered 'useless' by nonsuit or directed verdict or similar device." (*Aguilar, supra,* at p. 855.)

Plaintiffs ask us to consider the declarations they submitted from their expert, a certified industrial hygienist. In the first declaration, the expert opines that McGonnell more likely than not was exposed to significant levels of airborne asbestos while working at California Pacific. Although the expert refers to the invoices discussed above, nowhere in his declaration does the expert tie Kaiser Gypsum or Kaiser Cement to the airborne asbestos at California Pacific.

Perhaps realizing that flaw, plaintiffs submitted a supplemental declaration from this expert on the day of the summary judgment hearing. In this brief four-paragraph document, the expert opined that it was more likely than not Kaiser Gypsum and Kaiser Cement asbestos-containing products were used at California Pacific in the 1970's and that McGonnell had been exposed to them. He provided little explanation or reasoning for his conclusion. He purported to base his opinion on a review of the materials submitted in opposition to the motion for summary judgment, plus "job specifications reflecting the proposed use of asbestos-containing plastic cement, wallboard and topping compound specified for use in the new construction of the Pacific Presbyterian Medical Center in the early 1970s."

The expert's supplemental declaration raises more questions than it answers: Where are these job specifications? Do they actually name Kaiser products containing asbestos? How does he know the Kaiser products contained asbestos?

An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural. (*Saelzler v. Advanced Group 400, supra,* 25 Cal.4th at p. 777; *Exxon Corp. v. Superior Court* (1997) 51 Cal.App.4th 1672, 1683 [60 Cal.Rptr.2d 195].) Plaintiffs cannot manufacture a triable issue of fact through use of an expert opinion with self-serving conclusions devoid of any basis, explanation, or reasoning. (See *Golden Eagle Refinery Co. v. Associated Internat. Ins. Co.* (2001) 85 Cal.App.4th 1300, 1315 [102 Cal.Rptr.2d 834].) The trial court properly granted defendants' motion for summary judgment.

E.   *Plaintiffs' Request for a Continuance*

In their opposition to the summary judgment motion, plaintiffs requested a continuance in order to obtain additional evidence from one Daniel Marconi

of Marconi Plastering. According to a declaration from plaintiffs' counsel, she intended to prepare a declaration after she received information from Marconi. On the day of the summary judgment hearing, plaintiffs filed the declaration of Kenneth Marconi. Neither Kaiser Cement nor Kaiser Gypsum is mentioned in the declaration. Nothing stated in the declaration would lead one to conclude McGonnell was exposed to asbestos-containing products manufactured by Kaiser Cement or Kaiser Gypsum.

Although plaintiffs contend the trial court improperly denied their request for a continuance (see Code Civ. Proc., § 437c, subd. (h)),[3] they do not identify what additional evidence they would have gathered had a continuance been granted. They appear to have obtained the declaration they sought. They did not claim otherwise at the hearing on the summary judgment motion, nor did they request any additional time to gather evidence. It does not appear that the trial court in fact denied their request for a continuance. Plaintiffs have failed to show any error.

### DISPOSITION

The judgment is affirmed.

Sepulveda, J., and Rivera, J., concurred.

---

[3]Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."