Filed 3/14/16  Stadish v. Giant Inland Empire RV Center CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| LYN M. STADISH, | |
| Plaintiff and Appellant, | G052139 |
| v. | (Super. Ct. Nos. CIVRS810504, 1370449) |
| GIANT INLAND EMPIRE RV CENTER, INC. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Keith D. Davis, Judge.  Affirmed in part and reversed in part.

Law Offices of Gary A. Dordick and Gary A. Dordick; Law Offices of John B. Richards and John B. Richards for Plaintiff and Appellant.

Sutton & Murphy, Michael S. Sutton and Krisann S. Kurosu for Defendant and Respondent Giant Inland Empire RV Center, Inc.

AlvaradoSmith, Theodore E. Bacon and Nanette B. Barragan for Defendants and Respondents Power Gear and Kwikee Products, Co., Inc.

\*        \*        \*

Plaintiff Lyn M. Stadish sued defendants Giant Inland Empire RV Center, Inc. (Giant) and Power Gear and Kwikee Products Co., Inc. (collectively Power Gear), seeking damages for injuries she suffered allegedly due to a malfunction in electronic steps installed on her motor home.  The complaint asserted causes of action for negligence and products liability.  Defendants jointly moved for summary judgment in their favor.  (Code Civ. Proc., § 437c; all further undesignated statutory reference are to this code.)  The trial court granted the motion, denying plaintiff's request for a continuance to correct defects in her experts' declarations (§ 2015.5) and finding she failed to establish a triable issue of material fact as to either cause of action.  The court entered judgment for defendants and denied plaintiff's postjudgment motions for a new trial (§ 657) and for relief under section 473.

Plaintiff appeals.  She contends the trial court erred in finding defendants established the absence of a triable issue of material fact as to their liability, abused its discretion in denying her continuance request, and in denying her postjudgment motions.

We conclude the trial court properly granted summary judgment for Giant. The undisputed evidence shows Giant's allegedly deficient repair efforts concerned only a step system subsequently replaced by the motor home's manufacturer.  Thus, Giant's actions were not a substantial factor in causing plaintiff's injuries.  As to Power Gear, we conclude the trial court abused its discretion in denying plaintiff's continuance request to correct the defective experts' declarations, and erred in finding no triable issue of fact as to Power Gear's liability.  Consequently, we affirm the judgment as to Giant, but reverse it as to Power Gear.

2

# FACTS

In July 2007, plaintiff purchased a motor home from Giant. The motor home had been manufactured by Fleetwood. The vehicle included an electronically powered step system used to access the motor home's living area. Power Gear manufactured the step system's components and sold them to Fleetwood, which installed the equipment on the motor home.

The system consisted of steps attached to the undercarriage of the coach below the door leading to the living area that extend and retract in response to signals from a solid-state controller. The controller, in turn, responded to magnetic sensors on the door jamb, issuing signals for the steps to extend when the door opened and to retract when the door closed. The controller was designed to preclude the steps from operating if the electrical power fell below 9 volts. In addition, the system included an override switch mounted inside the motor home adjacent to the door. When the switch is placed in the "on" position, the system was designed to extend the steps when the door opens and for them to remain extended even if the door closes. Power Gear provided a warning sticker that was placed above the override switch. The sticker advised an occupant to "[v]isually confirm that the step is fully extended prior to exiting the vehicle."

At the time she purchased the motor home plaintiff received an owner's manual that contained warnings about the step system. At her deposition, plaintiff testified she read portions of the manual "when a problem c[a]me[ up] or [she] c[ould not] figure something out," but acknowledged never reading the entire booklet.

Plaintiff subsequently returned it to Giant for repairs on three occasions, each time complaining the step system did not function properly. When deposed, plaintiff testified she normally left the override switch in the "on" position. Nonetheless, "There were . . . several incidents [where] I would open the door and the steps would be up," or "would come back [to the motor home] and the steps would be up."

3

When she returned the motor home to Giant for repair a fourth time, again complaining about the step system, Fleetwood agreed to install a new step system. Using Power Gear components, Fleetwood installed a new system, including the controller, in April 2008. Plaintiff testified that she used the step system several times thereafter without any problems.

On July 4, plaintiff was injured when, upon leaving the motor home to walk her dogs, and with the override switch in the "on" position, she fell because the steps were not extended.

There is a dispute in the record on what plaintiff observed before the accident. Defendants claim plaintiff "never actually saw the steps spontaneously retract." They cite deposition testimony where plaintiff stated that she opened the motor home's door, observed the steps were extended, and let the first dog step out without any problem. Plaintiff then called to her second dog to follow her as she stepped out only to discover there were "no steps."

Plaintiff disputes this allegation, citing other deposition testimony that she and the second dog simultaneously began to leave the motor home. According to plaintiff, she saw "the steps retract[]" as her second dog left the motor home: "Q So the steps were retracting as the [second] dog was moving down the steps? [¶] A Correct. [¶] . . . [¶] Q Okay. So were the steps moving as the dog left the coach and stepped onto the first step? [¶] A Yes." Plaintiff claimed she "tried" to stop herself as she stepped out of the motor home, "but . . . couldn't."

PROCEDURAL BACKGROUND

Plaintiff sued Giant and Fleetwood, alleging causes of action for negligence and products liability, based on manufacturing and design defect, negligence, and breach of warranty. Power Gear and Kwikee Products were later named in place of doe

4

defendants. Fleetwood was subsequently dismissed from the case, apparently because it filed for bankruptcy.

Giant and Power Gear jointly moved for summary judgment. The motion was originally scheduled to be heard on August 29, 2013. On August 21, by stipulation, the parties agreed to continue the hearing to September 10. Later, the trial court ordered a further 10-day continuance, resulting in the motion being heard on September 20.

Defendants' motion argued plaintiff could not establish the elements of a negligence cause of action because: (1) Power Gear was not involved in the first two vehicle repairs; (2) Fleetwood installed the new step system; (3) there were no subsequent repairs or service of the system before the accident; and (4) "[t]he step assembly and controller operated perfectly at [a] March 2013 inspection." They also claimed any negligence could not be a substantial factor in causing plaintiff's injuries, citing their experts' declarations which purported to debunk her purported theory that the steps spontaneously retracted due to a "reduced power supply." Defendants disputed reliance on a failure to warn theory, citing: (1) plaintiff's admission that she "did not read the owner's manual"; (2) "knew of the . . . warning" sticker; and (3) her own testimony "that she did not trust the [s]teps so always made sure to look before she went down the [s]teps—except during the July accident." As for the product liability cause of action, defendants primarily argued plaintiff could not prevail on either a design or manufacturing defect theory, again citing the expert evidence challenging the spontaneous retraction due to low voltage theory.

The supporting evidence included declarations from two experts. Tom Paterson, an engineer employed by Power Gear, summarized how the step system's components operated, plus the results of an inspection and two tests of the system. According to Paterson, in March 2013, the step system on plaintiff's motor home was inspected and tested. The inspection confirmed that the correct controller had been installed on the vehicle and the testing established the system operated as designed.

5

Paterson stated he "found no evidence that the Power Gear step and controller had been manufactured, or functioned, differently than intended."

In June, Paterson participated in a second test conducted on a Power Gear step system identical to the model installed on plaintiff's motor home. According to Paterson, this test was performed in response to what defendants assert was plaintiff's contention that the steps on her motor home spontaneously retracted due to a reduction in the electrical power supplied to the system. Paterson declared "[t]he testing confirmed that [with a] power supply voltage[] of 9 volts or above, the steps operated exactly as intended and there was no spontaneous retraction," but "when the power supply voltage level diminished to below 9 volts, the steps simply would not operate."

A second independent engineer, H. Clark Bell, submitted a declaration largely corroborating Paterson's conclusions. Bell attended the March 2013 inspection and test of the step system on plaintiff's motor home and viewed a videotape of the June 2013 voltage test. He agreed the system performed as designed during the March 2013 test, and stated that he "saw no evidence that the particular step[s] on [p]laintiff's motor home w[ere] manufactured differently than designed." Bell concluded "there [was] no evidence that the design of the steps was a substantial factor in causing the injuries [p]laintiff alleges occurred as a result of her July 4, 2008 accident." As for the June 2013 test, he opined "there is no evidence that the steps can unexpectedly or spontaneously retract due to low voltage."

Plaintiff filed opposition to the motion on August 27. First, she contended defendants' summary judgment motion "attempted to rule out only one" of "thirteen most likely causes for the malfunctioning of [the] steps." Second, on the negligence count, plaintiff argued triable factual issues remained as to whether (1) Giant's negligence in repeatedly failing to repair the step system, and (2) Power Gear's negligence in failing to incorporate any warning mechanisms into the system were substantial factors in causing her injuries. Finally, on the product liability cause of action, she argued triable issues of

6

fact existed on whether (1) Power Gear's "negligent design" or its "failure to adequately warn . . . of a known danger" were substantial factors in causing her injuries, and (2) whether the controller was defective when Power Gear sent it to Fleetwood.

In support, she submitted documents describing the repairs performed by Giant, portions of her deposition testimony, and what were purported to be two expert declarations.

Michael Eidsmoe, who had over 40 years experience in servicing recreational vehicles, concluded Giant was negligent because, although plaintiff returned the vehicle three times, in part, because of complaints about the step system, it failed to trouble shoot that equipment each time and never followed Power Gear's 16-step protocol for testing components. He also noted that while the service records indicated Giant replaced or reinstalled certain components, it never replaced the magnetic door switch. Eidsmoe listed 13 likely causes for the malfunctioning of the step when plaintiff was injured and concluded Giant was negligent in failing to investigate or repair these potential causes.

Plaintiff's second expert was John Nicholas, a licensed electrical contractor and master electrician. Nicholas stated that he had reviewed the documentation produced by defendants, the exhibits, and "all available documentation and reporting of [Power Gear] electronic step failure [he] could locate" on the internet. He disputed defendants' claim that it was impossible for the steps to spontaneously retract, citing not only plaintiff's complaints and Giant's repair records, but also "blog entries from owners of [Power Gear] steps which reference the exact same set of circumstances wherein the . . . steps do, in fact, extend and retract on their own with no input actions by the owners." According to Nicholas, the March 2013 inspection and test did not investigate "all of the components in the system." And he expressed his belief the "electrical steps controllers may, in fact, respond to variant electrical signals from grounded or shorted wiring with the coach and without any safeguards or alarms, can and

7

do, spontaneously retract or extend without any input from the occupants." Referring to the videotape of the June 9 test on the exemplar step system, Nicholas claimed it depicted "the steps . . . vacillating in and out at a voltage level below 6 volts." He also questioned the validity of the test, noting defendants failed to "replicate[] the exact conditions (battery charge, temperature, same controller, same age of unit, same wiring conditions, etc.) of the . . . steps" on the day plaintiff was injured.

Nicholas agreed with Eidsmoe's conclusion that there were 13 possible causes for the July 4, 2008 malfunction of the steps on plaintiff's motor home. Based on his review of the documentation produced in the case and other materials, Nicholas opined "the most likely cause[s] of the malfunctioning of the steps" were problems with "the magnetic door switch" and "the controller."

Nicholas further concluded Power Gear negligently designed the steps' electrical controls because they lacked a warning system, such as a light "indicating the position of the steps," an "audible indicator" to notify an occupant "that the steps are about to change position," and "[a] low voltage warning system." According to Nicholas, these "modifications . . . would have cost less than $50.00 each to implement per unit."

However the Eidsmoe's and Nicholas's declarations, while dated and signed, failed to (1) specify the place of execution, and (2) be "certified or declared by him or her to be true under penalty of perjury." (§ 2015.5.)

Defendants filed replies to the opposition in early September. In part, they objected to plaintiff's expert declarations, citing the noncompliance with section 2015.5.

The trial court granted defendants' motion. It sustained defendants' objection to the use of Eidsmoe's and Nicholas's declarations due to the lack of compliance with section 2015.5, and denied the request of plaintiff's counsel for a continuance to obtain properly executed declarations from her experts.

As for plaintiff's testimony, the court concluded: "[L]eaving aside for the moment the argument raised by defendants that at her deposition, plaintiff . . . testified

8

that she was focused on her dog . . . and then turned to get out of the coach without looking where she was going and fell, . . . it seems to me that there still is no triable issue of fact because there is nothing that I have from plaintiff that constitutes any evidence demonstrating some sort of design or manufacturing defect with regard to the electronically retracting steps or any negligence on the part of the manufacturer or seller . . . . [¶] The mere fact that plaintiff may have seen the steps retract, to me at least, doesn't rise to constitute some triable issue of material fact sufficient to defeat the summary judgment motion."

The trial court entered judgment for defendants. Plaintiff timely filed a notice of intention to move for a new trial, citing the "[s]ufficiency of the evidence to justify a judgment in [her] favor," and the judgment for defendants was "against the law" as grounds for relief.

She also filed a motion for relief under section 473, supporting it with declarations from the Eidsmoe, Nicholas, and John Richards, one of the two attorneys representing her. Richards explained that in preparing the opposition to the summary judgment motion, he sent each expert witness an e-mail with a declaration template as an attachment. When Eidsmoe and Nicholas used the template to draft their declarations, a software glitch apparently deleted the language required by section 2015.5, and neither of the experts nor Richards noticed the deletion. Richards also explained that he was a sole practitioner and, due to the loss of his only assistant, he did not have time to review defendants' reply to the opposition until the night before the summary judgment hearing.

The trial court denied both motions. On the section 473 motion, the court found Richards established excusable neglect for the defects in the expert's declarations. But it concluded there was no comparable showing of excusable neglect for plaintiff's other attorney who had served the opposition.

Plaintiff timely appealed.

9

### 1. Introduction

Plaintiff challenges the judgment, raising substantive and procedural grounds in her opening brief.

Substantively, she argues that her testimony "the steps did, in fact, retract spontaneously, effectively disputed [d]efendants' . . . claims." Further, while defendants' summary judgment motion "singled out" and rebutted "one cause of spontaneous retraction — low voltage," her opposing evidence showed there were "other possible causes" that could have triggered spontaneous retraction on the day of the accident. (Italics omitted.) Procedurally, plaintiff argues the denial of her continuance request constituted an abuse of discretion because it "[p]unish[ed]" her for "a technical defect in [the] expert[s'] declaration[s]" and did not "allow the motion to be heard on the merits." Finally, plaintiff claims the trial court erred in declining to grant the postjudgment motions.

In separate briefs, defendants object to plaintiff's reliance on the defective expert declarations, citing their noncompliance with section 2015.5. Giant also argues it is not liable, noting the last repair of the step system before plaintiff's accident was Fleetwood's installation of a new system. As for plaintiff's own testimony, defendants dispute that it suffices to show a triable issue of material fact on either cause of action.

### 2. Standard of Review

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) "To satisfy this burden, a defendant moving for summary judgment must establish that one or more of the elements of a cause of action cannot be established or that a

10

complete defense exists to the cause of action. [Citation.] If the defendant meets this burden, the burden shifts to the plaintiff to show a triable issue of material fact exists as to either the particular cause of action or the proffered defense thereto. [Citation.] The plaintiff may not rely on mere allegations or denials of the pleadings but instead must set forth specific facts demonstrating a triable issue of material fact exists." (*McCabe v. American Honda Motor Co.* (2002) 100 Cal.App.4th 1111, 1119.)

In applying the foregoing rules, "The evidence presented by the moving party is strictly construed while that of the opposing party liberally construed to include any inferences reasonably deducible from the evidence. [Citation.] We do not engage in a credibility determination or a weighing of the evidence; instead, all doubts or evidentiary conflicts are to be resolved against the moving party." (*McCabe v. American Honda Motor Co., supra*, 100 Cal.App.4th at p. 1119.)

On appeal, "We review the trial court's decision de novo." (*Merrill v. Navegar, Inc., supra*, 26 Cal.4th at p. 476; *Shin v. Ahn* (2007) 42 Cal.4th 482, 499.) "As existing case law explains, because summary judgment deprives a party of his or her right to a jury trial, the erroneous granting of a motion for summary judgment will ordinarily be reversible error and will be found harmless only where the trial court's error was technical." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 942-943.)


*3. Analysis*

Plaintiff sought recovery for her injuries against both defendants based on causes of action for negligence and strict products liability.

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.) "Under the strict products liability doctrine, '[a] manufacturer is strictly liable in tort when an article [it] places on the market, knowing that [the article] is to be used without inspection for defects, proves to have a defect that

11

causes injury to a human being.'" (*Arriaga v. CitiCapital Commercial Corp.* (2008) 167 Cal.App.4th 1527, 1534.) "Strict liability has been invoked for three types of defects — manufacturing defects, design defects, and 'warning defects,' i.e., inadequate warnings or failures to warn." (*Anderson v. Owens-Corning Fiberglas Corp.* (1991) 53 Cal.3d 987, 995.) "Beyond manufacturers, anyone identifiable as 'an integral part of the overall producing and marketing enterprise' is subject to strict liability. [Citation.] Accordingly, retailers engaged in the business of distributing goods to the public are strictly liable in tort for personal injuries caused by defects in those goods." (*Arriaga v. CitiCapital Commercial Corp., supra*, 167 Cal.App.4th at p. 1534.)

As for Giant, we agree the trial court properly granted summary judgment in its favor. In her opening brief, plaintiff argues Giant is liable, primarily citing the evidence of its repeated inability to repair the step system originally installed on her motor home. The only other basis cited for Giant's liability was its failure to replace the magnetic door switch.

But as Giant points out the undisputed evidence shows Fleetwood subsequently replaced the motor home's step system. After installation of the new step system, Giant performed no further repairs on the motor home and plaintiff acknowledged she used the vehicle several times with the new step system working as designed until the date of her accident. Consequently, Giant met its burden of showing plaintiff "has 'not established, and cannot reasonably expect to establish, a prima facie case of causation, a showing that would forecast the inevitability of a nonsuit in [Giant's] favor,'" thereby shifting to plaintiff the burden "to produce specific, admissible evidence showing that a triable issue of material fact exists on the issue of causation." (*Nardizzi v. Harbor Chrysler Plymouth Sales, Inc.* (2006) 136 Cal.App.4th 1409, 1414.)

The only evidence cited by plaintiff to establish a material fact issue on whether Giant's actions were a substantial factor in causing plaintiff's injuries was a statement in Eidsmoe's declaration criticizing Giant for never replacing the magnetic

12

door switch.  Giant argues the trial court properly found the purported declarations submitted by plaintiff were inadmissible due to their noncompliance with section 2015.5.  As we will later discuss, we conclude the trial court abused its discretion in denying plaintiff's request for a short continuance to correct the technical defects in Eidsmoe's and Nicholas' declarations.

But, in any event, Eidsmoe's conclusory assertion that Giant never replaced the magnetic door switch, without more, did not satisfy plaintiff's burden of establishing a material issue of fact as to Giant's liability.  "In adjudicating summary judgment motions, courts are 'not bound by expert opinion that is speculative or conjectural.  [Citations.]  Plaintiffs cannot manufacture a triable issue of fact through use of an expert opinion with self-serving conclusions devoid of any basis, explanation, or reasoning.'" (*Nardizzi v. Harbor Chrysler Plymouth Sales, Inc., supra*, 136 Cal.App.4th at p. 1415.)  Eidsmoe did not explain how a defective magnetic door switch could trigger the step system to malfunction.  And as noted, plaintiff admitted that after Fleetwood replaced the step system, including the controller, she used the motor home several times and the steps "worked great" until the date of her accident.

"[A]n expert's opinion rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion has no evidentiary value because an expert opinion is worth no more than the reasons and facts on which it is based." (*Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 510.)  Given the lack of any explanation connecting a defective magnetic door switch to the malfunctioning of the replaced step system on the motor home, we conclude plaintiff failed to carry her burden of establishing Giant's repairs were a substantial factor in causing her injuries.

Insofar as the trial court concluded plaintiff's evidence failed to establish a triable issue of fact on the causes of action against Power Gear, we disagree.  In concluding no triable issue of fact existed, the trial court focused on plaintiff's deposition testimony.  We conclude this approach was unnecessarily narrow in scope.

13

The unrebutted evidence showed that before the accident plaintiff had returned the motor home to the dealer for repairs on several occasions, each time complaining that the original step system, also manufactured by Power Gear, malfunctioned by spontaneously retracting the steps even though the override switch was in the "on" position. Power Gear acknowledged it provided a warning sticker that was to be placed above the override switch, cautioning users to ensure the steps were extended before stepping out of a motor home. Then, according to plaintiff's testimony, only a little more than two months after Fleetwood installed a second Power Gear step system on her motor home, the steps again spontaneously retracted, resulting in her injuries.

Defendants cite to the portion of plaintiff's testimony in which she acknowledged not looking to see if the steps were extended before stepping out of the motor home. Power Gear also cites to Bell's declaration concerning the subsequent test of the step system and urges the steps "could not possibly have retracted as alleged by [plaintiff]."

But we conclude plaintiff's testimony supports an inference that the steps spontaneously retracted. The undisputed evidence reflects that just before the accident the override switch was in the "on" position, the motor home's door open, and the steps extended as plaintiff's first dog left the vehicle. But when plaintiff stepped out of the motor home seconds later, the steps had retracted. The evidence of the repeated spontaneous retraction of the steps on the originally installed Power Gear step system along with the recurrence of the same malfunction on the newly installed replacement step system suffice to create a triable issue of fact on the negligence cause of action.

Further, Nicholas's declaration supports the finding of a triable issue of material fact on both the negligence and products liability claims. He noted the existence of documentation of similar complaints by other persons owning motor home's with a Power Gear step system. He questioned the scope of both the March 2013 test of the step system on plaintiff's motor home and the subsequent power supply test of a similar

14

system.  Nicholas also claimed that, according to the videotape of the latter test, there was some fluctuation in the steps when the power supply was below 9 volts.

"An expert declaration is admissible to support or defeat summary judgment if the expert's testimony would be admissible at trial in accordance with Evidence Code section 720," and "[a]n expert may testify to an opinion on a subject 'that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact.'"  (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761, quoting (Evid. Code, § 801, subd. (a).)  The opinions may be based "on matter (including his special knowledge, skill, experience, training, and education) perceived by or personally known to the witness or made known to him at or before the hearing, whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates."  (Evid. Code, § 801, subd. (b).)

Power Gear objects to this court considering the experts' declarations submitted by plaintiff, noting the trial court excluded them due to the lack of compliance with the requirements of section 2015.5.  In response, plaintiff contends "[t]he [t]rial [c]ourt should have considered the . . . declarations under the liberality accorded papers filed in opposition to a motion for summary judgment."

On the latter point, plaintiff's argument lacks merit.  Section 437c, subdivision (d) declares, "Supporting and opposing affidavits or declarations . . . shall set forth admissible evidence."  To be admissible, section 2015.5, subdivision (a) requires a declaration executed in California to include the date and place of execution and "'certify (or declare) under penalty of perjury that the foregoing is true and correct.'"  The declarations of Eidsmoe and Nicholas did not satisfy these requirements.  Thus, the trial court was correct in sustaining defendants' objections to the use of plaintiff's experts' declarations as originally submitted.  (*Witchell v. De Korne* (1986) 179 Cal.App.3d 965, 975, superseded by statute on another point as noted in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 530 ["Technical defects in a declaration, [including failure to specify the

15

place of execution and that it was made under penalty of perjury] prevent its consideration as a declaration by the trial court" in ruling on a summary judgment motion]; *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 610 [rejecting application of substantial compliance doctrine to allow the use of noncomplying declaration].)

Alternatively, plaintiff argues the trial court should have granted her request for a short continuance to submit declarations from her experts that complied with section 2015.5. We agree.

Under section 437c, subdivision (h), where "from the affidavits submitted in opposition to a motion for summary judgment" a trial court concludes "that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." In *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, we noted that where an opposing party satisfies the statutory requirements, this "provision mak[es] continuances—which are normally a matter within the broad discretion of trial courts — virtually mandated." (*Id.* at p. 395; *Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1428 ["When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request"].)

As Power Gear notes, plaintiff's continuance request did not comply with section 437c, subdivision (h). Nonetheless, even "'in the absence of an affidavit that requires a continuance under section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion.'" (*Park v. First American Title Co., supra,* 201 Cal.App.4th at p. 1428.)

Here, the trial court abused its discretion by refusing to grant plaintiff a continuance in this case to correct the technical defects in her experts' declarations. One

16

relevant factor is whether the evidence the opponent seeks to obtain is essential to the motion. (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 644.) Eidsmoe's and Nicholas's declarations rebutted the evidence contained in the expert declarations filed by defendants. Further, unlike the circumstances contemplated by subdivision (h) of section 437c, plaintiff did not seek a continuance to obtain additional evidence or conduct discovery. The trial court already had before it the substance of each expert witness's opinions and conclusions. Rather, plaintiff's request was to correct technical deficiencies in their declarations that, as the trial court subsequently acknowledged, resulted from a computer glitch.

Power Gear suggests a continuance would have been prejudicial because trial was set to begin in mid-November and the parties had scheduled several "depositions . . . to begin on September 30th, if the [summary judgment motion] was denied." The motion was heard on September 20. A short 24- or 48-hour continuance limited to allowing plaintiff to submit new declarations from Eidsmoe and Nicholas identical to their original statements, save for compliance with the requirements of section 2015.5, would not have forced the parties to scrap the forthcoming depositions. "'Though often said, it appears necessary to again reiterate that a summary judgment is a drastic measure which deprives the losing party of trial on the merits.'" (*Bahl v. Bank of America, supra,* 89 Cal.App.4th at p. 395.) As we have recognized "the interests at stake are too high to sanction the denial of a continuance without good reason." (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 634; *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100.)

We conclude the evidence submitted and proposed by plaintiff sufficed to create triable issues of material fact on both the negligence and product liability causes of action as against Power Gear. Therefore, the trial court abused its discretion by denying plaintiff's request for a short continuance to correct the defects in her experts' declarations and by granting the motion for summary judgment.

17

## DISPOSITION

The judgment in favor of Giant Inland Empire RV Center, Inc. is affirmed. The judgment in favor of Power Gear and Kwikee Products Co., Inc. is reversed. The parties shall bear their own costs on appeal.

                                                    RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.