**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBBIE L. VIALE, Individually and as
Personal Representative of the Estate of
Ronald Viale, Deceased; AMBER JACOBS,

Plaintiffs-Appellants,

v.

FOSTER WHEELER, LLC, FKA Foster
Wheeler Corporation,

Defendant-Appellee,

and

AIR & LIQUID SYSTEMS
CORPORATION, sued individually and as
successor-in-interest to Buffalo Pumps, Inc.;
et al.,

Defendants.

No.    20-16463

D.C. No. 3:19-cv-00038-MMC

MEMORANDUM*

DEBBIE L. VIALE, Individually and as
Personal Representative of the Estate of
Ronald Viale, Deceased; AMBER JACOBS,

Plaintiffs-Appellants,

v.

No.    20-16464

D.C. No. 3:19-cv-00038-MMC

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EXXON MOBIL CORPORATION,

              Defendant-Appellee,

 and

FOSTER WHEELER, LLC, FKA Foster
Wheeler Corporation; et al.,

              Defendants.

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 30, 2021[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,[***] District Judge.

Debbie Viale and Amber Jacobs (the "Viales") appeal the district court's grant of summary judgment for Foster Wheeler LLC ("Foster Wheeler") and Exxon Mobil Corporation ("Exxon") in a wrongful death and survival action under California law arising out of Ronald Viale's ("Ronald") development of, and ultimate death from, asbestos-related mesothelioma. The parties are familiar with

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

the facts, so we discuss them below only as relevant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment and the district court's interpretation of state law. *Rose v. A.C. & S., Inc.*, 796 F.2d 294, 296 (9th Cir. 1986).

The Viales did not present evidence sufficient to raise a triable issue of fact that Ronald was exposed to asbestos-containing Foster Wheeler products and therefore that exposure was a "substantial factor" causing Ronald's mesothelioma. *Rutherford v. Owens- Illinois, Inc.*, 941 P.2d 1203, 1223 (Cal. 1997), *as modified on denial of reh'g* (Oct. 22, 1997). Benjamin Upton's "belief" that the boiler was manufactured by Foster Wheeler because it was at a military installation is solely inferential and speculative. *See McGonnell v. Kaiser Gypsum Co.*, 120 Cal. Rptr. 2d 23, 28 (Cal. Ct. App. 2002) (noting that "[i]t is not enough to produce just some evidence," and finding speculation insufficient to create a triable issue of fact). Likewise, Bernard Upton's testimony that Foster Wheeler installed boilers "in almost everything in the North Bay," is similarly speculative because it was based on information that he heard at union meetings, not his own perception. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness' perception . . . ."). Since the expert's opinion was based on the Uptons' testimony, it too is

insufficient. *See Saelzler v. Advanced Grp. 400*, 23 P.3d 1143, 1151 (Cal. 2001) (rejecting an expert's opinion as based on speculation and surmise).

The Viales have not presented evidence sufficient to overcome the presumption of non-liability against Exxon as an entity that hired an independent contractor. *See Privette v. Superior Court*, 854 P.2d 721, 724 (Cal. 1993) (explaining the doctrine of non-liability of hirers). The Viales have not established that Exxon provided Ronald with unsafe equipment that actively contributed to his injuries or that any parts supplied by Exxon contained asbestos. *See McKown v. Wal-Mart Stores, Inc.*, 38 P.3d 1094, 1094 (Cal. 2002) ("[W]hen a hirer of an independent contractor, by negligently furnishing unsafe equipment to the contractor, affirmatively contributes to the injury of an employee of the contractor, the hirer should be liable to the employee for the consequences of the hirer's own negligence."); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither have the Viales established that Exxon exercised "retained control" over the safety conditions at the Benicia refinery in a way that affirmatively contributed to Ronald's injuries: at best, the evidence establishes that Exxon exercised general supervision over the work of the independent contractors for whom Ronald worked. *See Hooker v. Dep't of Transp.*, 38 P.3d 1081, 1083, 1091–92 (Cal. 2002) ("[A] hirer is liable to an employee of a contractor insofar as a hirer's exercise of retained control *affirmatively contributed* to the employee's

4

injuries" and affirmative contribution requires something more than merely "permitting" to happen.). Nor have the Viales established that Exxon failed to disclose a concealed hazardous condition of which Ronald's employers were unaware or could not reasonably discover. *Kinsman v. Unocal Corp.*, 123 P.3d 931, 940 (Cal. 2005).

Finally, the Viales have not presented sufficient evidence to raise a triable issue of fact that Exxon's own employees negligently injured Ronald. *See Biles v. Exxon Mobil Corp.*, 22 Cal. Rptr. 3d 282, 294 (Cal. Ct. App. 2004) ("[I]f a hirer's own employees, working side-by-side with the employees of a contractor, negligently injure one of the contractor's employees, the hirer may be held liable under the normal principles of respondeat superior . . . ."). Expert Charles Ay worked at the Benicia refinery at different times than Ronald; it would be speculative to conclude that conditions were the same at those two different times. Similarly, the testimony of Ronald's co-workers is insufficient to establish that Ronald was exposed to asbestos at the Benicia refinery. *See Hunter v. Pac. Mechanical Corp.*, 44 Cal. Rptr. 2d 335, 339 (Cal. Ct. App. 1995) (requiring plaintiff "to produce facts tending to show . . . that it was a reasonable medical probability that the exposure to [defendant's] asbestos-related activities was a substantial factor in causing [plaintiff's] injuries.").

**AFFIRMED**.